IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  11-CR-30046-MJR |
| ) | |
| IVAN VAZQUEZ-GONZALEZ, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On March 23, 2011, the United States of America filed a 29-count indictment charging 23 Defendants with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(II); all in violation of 21 U.S.C. § 846.  Some Defendants have additional charges filed against them, including, *inter alia,* illegal re-entry after deportation, conspiracy to launder monetary instruments and unlawful possession of a firearm by a previously convicted felon.

On April 11, 2011, Defendant Francisco Sanchez moved to continue the jury trial, presently set for June 6, 2011, to declare the case complex and for a status conference (Doc. 177).  On April 27, 2011, various Defendants moved the Court to declare the case complex and sought an Order authorizing  quarterly interim payments (Doc. 297).

On April 21, 2011, the Court held a counsel-only status conference, with all Defendants represented except Jesus Garcia Chanocua.  At the conference, the undersigned District Judge stated that he intended to grant the motion to declare the case complex – and now so rules.

The speedy trial clock begins to run on either the date of the filing of the indictment, or the date the defendant appears before a judicial officer of the court, whichever date last occurs. **18 U.S.C. § 3161(c)(1)**. "When more than one defendant is charged in an indictment, the Speedy Trial clock begins to run on the date of the last co-defendant's initial appearance, which is usually arraignment." *United States v. Farmer,* **543 F.3d 363, 368 (7th Cir. 2008) (citing** *United States v. Parker,* **508 F.3d at 434, 439 (7th Cir. 2007);** *United States v. Garrett,* **45 F.3d 1135, 1138 (7th Cir. 1995))**.

"…[T]he Speedy Trial Act generally requires a trial to begin within 70 days of the filing of an information or indictment or the defendant's initial appearance, 18 U.S.C. § 3161(c)(1), but the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States,* **547 U.S. 489, 497 1983 (2006)**. "To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." ***Id*. (citing 18 U.S.C. § 3161(h))**.

Among the factors set forth in 18 U.S.C. § 3161(h)(7) which a judge is to consider in determining whether to grant an ends-of-justice continuance are

   (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

   (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section. **18 U.S.C. § 3161(h)(7)(B)(i), (ii)**.

Last year, the United States Supreme Court observed that "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized

the importance of adequate pretrial preparation time." *Bloate v. United States,* 130 S.Ct. 1345, 1355-56 (2010) (citing § 3161(h)(7)(B)(ii) (requiring a district court to consider whether the "unusual" or "complex" nature of a case makes it "unreasonable to expect *adequate preparation* for pretrial proceedings or for the trial itself within the time limits" (emphasis added in *Bloate*)); § 3161(h)(7)(B)(iv) (requiring a district court to consider in other cases "[w]hether the failure to grant such a continuance ... would deny counsel for the defendant or the attorney for the Government the *reasonable time necessary for effective preparation, taking into account the exercise of due diligence*" (emphasis added in *Bloate*)).

Here, the record clearly supports a finding that this case is complex. The indictment charges 23 Defendants in 29 counts with violations of numerous federal laws. Furthermore, discovery is voluminous, comprised of over 2,000 pages of investigative reports and thousands of wiretaps, virtually all of which must be translated from Spanish. It would be unreasonable to expect counsel to adequately prepare within the 70-day speedy trial period. Under these circumstances, failure to allow additional time to prepare for pretrial proceedings and trial would be a miscarriage of justice.

Furthermore, the United States (Assistant United States Attorney Randy Massey) does not object to the Court's declaring the case complex (Doc. 301). The United States believes that it will take a substantial amount of time for defense counsel to review the voluminous amount of discovery material it has provided in this case.

Accordingly, the Court **GRANTS** Defendant Francisco Sanchez's motion to continue the jury trial and to declare the case complex (Doc. 177) and **GRANTS in part and DENIES in part** Defendants' motion to declare the case complex and for quarterly interim payments (Doc. 297). The Court **GRANTS** the motion to declare the case complex but

**DENIES** for now the motion for quarterly interim payments as premature.  The Court will submit a request for approval of interim payments and the procedure to employ for consideration by Chief Judge Easterbrook.  Assuming he approves, the Court will enter an appropriate order.

The continuance of trial applies to all non-moving Defendants as well.  *United States v. Baker,* 40 F.3d 154, 159 (7th Cir. 1994) ("'Under § 3163(h)(7), the excludable delay of one defendant may be ascribed to all defendants in the same case, absent severance.'") (quoting *United States v. Tanner,* 941 F.2d 574, 580 (7th Cir.1991)).

As a final matter, at the April 21, 2011 status conference, the Court ordered that any Defendant who wanted to proceed to trial under the Speedy Trial Act on the trial date designated in his or her case must file for relief from the complex case designation by April 28, 2011, or by the date designated in the order declaring the case complex.  The Court hereby **ORDERS** that any Defendant who wants to proceed to trial under the Speedy Trial Act on the trial date designated in his or her case must file for relief from the complex case designation by **May 6, 2011**.  That will cause the Court to set a status conference with the movant and arrange for a date within the speedy trial requirements.

**IT IS SO ORDERED.**

**DATED April 29, 2011**

                                                **s/Michael J. Reagan**
                                                **MICHAEL J. REAGAN**
                                                **United States District Judge**